IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIOSAN ANTONIO DIVISION

| | | |
|---|---|---|
| PATRICK LATRONICO,<br>INDIVIDUALLY AND ON BEHALF OF<br>ALL OTHERS SIMILARLY SITUATED;<br>*Plaintiff* | §<br>§<br>§<br>§ | SA-20-CV-01474-XR |
| -vs- | § | |
| V.K. KNOWLTON CONSTRUCTION<br>AND UTILITIES, INC.,<br>*Defendant* | §<br>§<br>§ | |

**ORDER APPROVING SETTLEMENT**

On this date, the Court considered the Joint Motion for Approval of Settlement Agreement and Dismissal of Case with Prejudice (ECF No. 26). After careful consideration, the Court hereby **GRANTS** the parties' motion.

**BACKGROUND**

Plaintiff Patrick Latronico, proceeding on a collective basis, filed this action against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 207, 226 ("FLSA") for failure to pay overtime compensation. Specifically, Latronico alleged that he and a class of others were employed by Defendant as Construction Workers, working in excess of 40 hours per week. ECF No. 1 at 3–5. Latronico alleges that Defendant paid him an hourly wage and regular, non-discretionary bonuses. *Id.* at 4. According to Latronico, Defendant paid him overtime for hours worked in excess of 40 per week, but did not include his non-discretionary bonuses as part of his regular rate when calculating his overtime pay. *Id.*

Defendant answered, denying Latronico's allegations and raising numerous affirmative defenses. Defendant has asserted that it paid all amounts due for overtime; that it at all times

acted in good faith compliance with the FLSA, and the two-year statute of limitations.SA. *See* ECF No. 5 at 7–9.

Pursuant to a Court Order, notice was sent to the putative class and four individuals filed consents to join the lawsuit, Jermaine Hargrove, Phyllis Martin, Isaac Muth, and Mark Sosa (together with Latronico, "Plaintiffs"). *See* ECF Nos. 19, 21, 22, 23. The parties have settled and now ask the Court to approve the confidential settlement agreement.

## ANALYSIS

**A.      FLSA Provisions**

The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Congress recognized that "due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent private contracts on their part which endangered national health and efficiency and as a result the free movement of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945).

The provisions of the FLSA are mandatory. The Eleventh Circuit has held that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees:" payment supervised by the Secretary of Labor and judicial approval of a stipulated settlement after an employee has brought a private action. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982). The court reasoned that these methods ensure that the same unequal bargaining power between employers and employees that underlies the Act does not unfairly affect a private settlement of claims for wages. Thus, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Under *Lynn's Food Stores*, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

Not every FLSA settlement, however, requires court approval. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012) (quoting and adopting *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005)). Because the parties here have requested court approval of their settlement, the Court will analyze the settlement.

**B.     Bona Fide Dispute**

The primary issues in this litigation are the nature of the bonus (discretionary or nondiscretionary), the amount of time Plaintiffs actually worked, whether and to what extent Plaintiffs worked overtime, whether Defendant will be able to establish a good faith defense so as to bar Plaintiffs' claims for liquidated damages, and whether the two-year statute of limitations will bar the claims of all Plaintiffs. Defendants deny all liability. Because the parties have disputes regarding the exact number of hours worked by Plaintiffs and the amount of compensation, if any, that may be due to the Class, the Court concludes that there is a bona fide dispute in this case.

**C.     Fair and Reasonable Resolution**

The Court has reviewed the terms of the confidential settlement agreement and concludes that the settlement is fair and reasonable.

## CONCLUSION

The Court finds that the settlement agreement is a fair and reasonable settlement of a bona fide dispute. The Motion (ECF No. 26) is **GRANTED**, the settlement is **APPROVED**, and the claims of Plaintiffs Patrick Latronico, Jermaine Hargrove, Phyllis Martin, Isaac Muth and Mark Sosa are hereby **DISMISSED WITH PREJUDICE**. This case is **CLOSED**, with each party bearing its own costs.

It is so **ORDERED**.

SIGNED this 15th day of October, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE